**WO** MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan McAllister, Sr., ) | No. CV 10-2638-PHX-JAT (ECV) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Arizona Department of Corrections, et al.,) | |
| Defendants. ) | |

On December 9, 2010, Plaintiff Jonathan McAllister, Sr., who is confined in the Arizona State Prison Complex-Tucson in Tucson, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In a December 14, 2010 Order, the Court granted Plaintiff's Application to Proceed and dismissed the Complaint, without prejudice, for failure to comply with Local Rule of Civil Procedure 3.4(a). The Court gave Plaintiff 30 days to file an amended complaint that complied with Local Rule 3.4(a).

On December 23, 2010, Plaintiff filed a "Motion to Exceed Page Limit for Amended Civil Rights Complaint." On January 6, 2011, he filed a "Motion for Enlargement of Time to File (First) Amended Civil Rights Complaint." In a January 25, 2011 Order, the Court denied Plaintiff's Motion to Exceed and granted his Motion for Enlargement of Time. The Court gave Plaintiff an additional 15 days within which to file his first amended complaint.

**TERMPSREF**

1    On February 15, 2011, Plaintiff filed his First Amended Complaint (Doc. 10). The
2 Court will require Defendant Preston to answer Count Two of the First Amended Complaint
3 and will dismiss the remaining claims and Defendants.

4 **I.      Statutory Screening of Prisoner Complaints**

5    The Court is required to screen complaints brought by prisoners seeking relief against
6 a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.
7 § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised
8 claims that are legally frivolous or malicious, that fail to state a claim upon which relief may
9 be granted, or that seek monetary relief from a defendant who is immune from such relief.
10 28 U.S.C. § 1915A(b)(1), (2).

11    A pleading must contain a "short and plain statement of the claim *showing* that the
12 pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not
13 demand detailed factual allegations, "it demands more than an unadorned, the-defendant-
14 unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).
15 "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
16 statements, do not suffice." Id.

17    "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
18 claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly,
19 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content
20 that allows the court to draw the reasonable inference that the defendant is liable for the
21 misconduct alleged." Id. "Determining whether a complaint states a plausible claim for
22 relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial
23 experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual
24 allegations may be consistent with a constitutional claim, a court must assess whether there
25 are other "more likely explanations" for a defendant's conduct. Id. at 1951.

26    But as the United States Court of Appeals for the Ninth Circuit has instructed, courts
27 must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th
28 Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards

1  than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89,
2  94 (2007) (*per curiam*)).

## II.  First Amended Complaint

Plaintiff should take note that all causes of action alleged in his original Complaint that are not alleged in his First Amended Complaint are waived. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original"); King v. Atiyeh, 814 F.2d 565 (9th Cir. 1987). Accordingly, the Court will consider only those claims and facts specifically asserted in Plaintiff's First Amended Complaint with respect to only those Defendants specifically named in the First Amended Complaint.

In his six-count First Amended Complaint, Plaintiff sues the following Defendants: the Arizona Department of Corrections (ADOC); ADOC Director Charles L. Ryan, ADOC Inspector General Rita Frigo; Arizona State Prison Complex (ASPC)-Eyman Facility Health Administrator Dennis Kendall, Nurse Practitioner Preston, Deputy Warden K. Curran, Librarian T. Hernandez, Disciplinary Hearing Officer Captain Kurtz, and Counselor/Case Manager Correctional Officer (CO) III Penney; ASPC-Lewis Mailroom Supervisor G. Coranado and Deputy Warden Anne Reeder; ASPC-Alhambra Primary Care Provider Dr. Baird; ASPC-Tucson Assistant Deputy Warden D. Lunberg, Librarian Jon Meade, Paralegal French, Grievance Coordinator CO IV Mackenzie, Mail and Property Room CO IIs Talley and Carrillo, Registered Nurse/Supervisor Brenda McMullen, Counselor/Case Manager CO III Merrifield, Grievance Coordinator CO IVs Johnson and R. Schmidt, and Housing Unit CO II Villa; and Corrections Corporation of America's Huerfano County Correctional Center "Arizona Liason" Betty Barnes, Paralegal/Notary Public Pattie Rowe, and Security Threat Group Supervisor Sergeant Montoya. In his Request for Relief, Plaintiff seeks declaratory and injunctive relief, monetary damages, and his costs.

## III.  Discussion of First Amended Complaint

Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v.

1  Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Id.

### A.     Improper Defendant

The Arizona Department of Corrections is not a proper Defendant.  Under the Eleventh Amendment to the Constitution of the United States, a state or state agency may not be sued in federal court without its consent. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Furthermore, "a state is not a 'person' for purposes of section 1983.  Likewise 'arms of the State' such as the Arizona Department of Corrections are not 'persons' under section 1983." Gilbreath v. Cutter Biological, Inc., 931 F.2d 1320, 1327 (9th Cir. 1991) (citation omitted).  Therefore, the Court will dismiss Defendant Arizona Department of Corrections.

### B.     Failure to Link Defendant with Injuries

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant.  See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).  There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. Monell v. New York City Department of Social Services, 436 U.S. 658, 691-92 (1978); Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 129 S. Ct. at 1948.

Plaintiff has not alleged that Defendants Frigo, Kurtz, Coranado, Reeder, Lunberg, Meade, French, Mackenzie, Talley, Carrillo, McMullen, Schmidt, Barnes, Rowe, and Montoya personally participated in a deprivation of Plaintiff's constitutional rights, was aware of a deprivation and failed to act, or formed policies that resulted in Plaintiff's injuries. Plaintiff has alleged no conduct at all by these Defendants.  Thus, the Court will dismiss

without prejudice Defendants Frigo, Kurtz, Coranado, Reeder, Lunberg, Meade, French, Mackenzie, Talley, Carrillo, McMullen, Schmidt, Barnes, Rowe, and Montoya.

### C.     Medical Claims–Counts One, Two, and Four

In Counts One, Two, and Four, Plaintiff alleges violations of the Eighth and Fourteenth Amendments relating to his medical and mental health care.

Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth or Fourteenth Amendment. To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. Jett, 439 F.3d at 1096 (quotations omitted).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. Jett, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. Estelle, 429 U.S. at 104-05; Jett, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. Farmer, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." Clement v. California Dep't of Corrections, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); see also Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or

1  "medical malpractice" do not support a claim under § 1983).  "A difference of opinion does
2  not amount to deliberate indifference to [a plaintiff's] serious medical needs." Sanchez v.
3  Vild, 891 F.2d 240, 242 (9th Cir. 1989).  A mere delay in medical care, without more, is
4  insufficient to state a claim against prison officials for deliberate indifference. See Shapley
5  v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  The indifference
6  must be substantial.  The action must rise to a level of "unnecessary and wanton infliction
7  of pain." Estelle, 429 U.S. at 105.

In **Count One**, Plaintiff contends that he received an inadequate health screening when he was transferred to ASPC-Alhambra because Defendant Baird only asked Plaintiff health questions, prescribed pain medication, and issued a shaving waiver. Plaintiff alleges that Defendant Baird did not conduct a physical examination of Plaintiff, but falsified medical records by writing that he did.  Plaintiff alleges that, when he was later transferred to ASPC-Eyman, he filed an inmate letter with Defendant Penney about Defendant Baird's inadequate medical screening.  He claims that Defendant Penney stated that Plaintiff had received a physical examination and "failed to advise the medical unit to conduct a full physical examination."  Plaintiff contends that Defendant Kendall responded to a formal grievance  Plaintiff filed, concluding that Plaintiff had received a physical examination and advising Plaintiff to submit health needs request forms for his medical issues.  Plaintiff claims that Defendant Ryan responded to the Plaintiff's inmate grievance appeal of Defendant Kendall's response, stating that there was no documentation to support Plaintiff's allegations.

Plaintiff's allegations in Count One suggest, at best, that Defendant Baird acted negligently or committed medical malpractice.  This is insufficient to state a deliberate-indifference claim against him.  Plaintiff's allegations do not support a claim that Defendants Penney, Kendall, or Ryan acted with deliberate indifference.  Thus, the Court will dismiss without prejudice Count One.

In **Count Two**, Plaintiff alleges that he received a mental health screening when he was transferred to ASPC-Eyman, was found to have a serious mental illness, and was

TERMPSREF                                                                  - 6 -

prescribed psychotropic medications. Plaintiff alleges that the following month, Defendant Preston violated his right to adequate mental health care and acted "without medical authority" when she discontinued his psychotropic medications, and did not provide Plaintiff with alternate medications. Plaintiff contends that Defendant Preston claimed that the medications had been banned pursuant to ADOC policy, but refused to provide Plaintiff with the policy. Plaintiff also states that the medical staff continued to distribute these medications to other inmates. Plaintiff asserts that he submitted an inmate letter to Defendant Penney, informing Defendant Penney that his medications had been discontinued and requesting a copy of the policy.

Plaintiff's allegation against Defendant Penney does not state a deliberate-indifference claim. Thus, the Court will dismiss without prejudice Plaintiff's claim in Count Two against Defendant Penney. However, liberally construed, Plaintiff has stated a deliberate-indifference claim against Defendant Preston in Count Two. The Court will require Defendant Preston to answer Count Two.

In **Count Four**, Plaintiff alleges that he was examined by a doctor while at ASPC-Tucson and the doctor instructed him to submit an inmate letter to his counselor so Plaintiff could get approval for his family to send him orthopedic or tennis shoes. Plaintiff asserts that he submitted an inmate letter and his counselor responded by stating that Plaintiff should send a "kite" to the doctor that requested that the doctor send a memorandum to the deputy warden explaining that Plaintiff had been medically approved to receive tennis shoes from family members. Plaintiff claims he filed an formal grievance and the facility health administrator provided Plaintiff with an untimely response to the grievance, stating that Plaintiff "does not have a medical condition that the doctor feels you need shoes for." Plaintiff alleges that the doctor had, in fact, initiated a special needs order for medical shoes for Plaintiff, but Plaintiff has not received any medical shoes. Plaintiff contends that Defendant Ryan denied Plaintiff's grievance appeal, affirming the facility health administrator's response.

1  Plaintiff's allegation against Defendant Ryan does not state a claim against Defendant
2  Ryan. See Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (defendants did not commit
3  constitutional violations when they denied administrative grievances, failed to intervene on
4  plaintiff's behalf, and failed to remedy allegedly unconstitutional behavior). The remainder
5  of Plaintiff's allegations concern conduct by individuals who are not Defendants. Plaintiff,
6  therefore, has failed to link his injury in Count Four to the specific conduct of a named
7  Defendant. Thus, the Court will dismiss without prejudice Count Four.

### D. Access to the Courts–Count Three

In **Count Three**, Plaintiff alleges a violation of his First and Eighth Amendment rights of access to the courts. Plaintiff claims that Defendant Hernandez denied Plaintiff access to the library for legal copies and notary services for the "preparation of court filings of several cases which were pending," refused to acknowledge court deadlines, and refused to provide Plaintiff with copies of the Arizona Rules of Civil Procedure that he needed to "properly litigate a civil action case" that was pending in a state superior court. Plaintiff also claims he was only "allowed 10 pages a week," despite his requests for additional pages. Plaintiff contends that a case was dismissed by the trial judge because Plaintiff did not comply with court rules and did not provide copies to the court.

Plaintiff also alleges that he filed an inmate letter with Defendant Penney regarding this issue, but received "no relief"; that Defendant Hernandez, in violation of ADOC policy, responded to his formal grievance and provided no relief; that Defendant Curran "condoned" Defendant Hernandez's actions; and that Defendant Ryan affirmed the "unit levels['] decisions."

The right of meaningful access to the courts prohibits officials from actively interfering with inmates' attempts to prepare or file legal documents. Lewis v. Casey, 518 U.S. 343, 350 (1996). The right of access to the courts is only a right to bring petitions or complaints to federal court and not a right to discover such claims or even to ligate them effectively once filed with a court. Id. at 354. The right "guarantees no particular

methodology but rather the conferral of a capability–the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Id. at 356.

As a matter of standing, for an access-to-courts claim, a plaintiff must show that he suffered an "actual injury" with respect to contemplated litigation. Id. at 349. To show actual injury with respect to contemplated litigation, the plaintiff must demonstrate that the defendants' conduct frustrated or impeded him from bringing to court a nonfrivolous claim that he wished to present. Id. at 352-53.

"[T]he injury requirement is not satisfied by just any type of frustrated legal claim." Id. at 354. The right of access to the courts "does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." Id. at 355. The nonfrivolous claim must be a direct or collateral attack on the inmate's sentence or a challenge to the conditions of his confinement. Id. "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id. (emphasis in original).

Plaintiff claims he was unable to properly litigate his claim, not that he was precluded from bringing it. This is insufficient to state an access-to-the-courts claim. Moreover, Plaintiff has failed to show an actual injury. Although Plaintiff's state-court lawsuit may have been dismissed, Plaintiff does not allege that it was a nonfrivolous claim or that it was a direct or collateral attack on his sentence or a challenge to his conditions of confinement. Plaintiff has failed to state an access-to-the-courts claim in Count Three and, therefore, the Court will dismiss without prejudice Count Three.

**E.     Retaliation Claims–Counts Five and Six**

In Counts Five and Six, Plaintiff alleges that he was retaliated against in violation of his First and Fourteenth Amendment rights.

A viable claim of First Amendment retaliation contains five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First

1  Amendment rights (or that the inmate suffered more than minimal harm) and (5) did not
2  reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-
3  68 (9th Cir. 2005); see also Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation
4  claims requires an inmate to show (1) that the prison official acted in retaliation for the
5  exercise of a constitutionally protected right, and (2) that the action "advanced no legitimate
6  penological interest"). The plaintiff has the burden of demonstrating that his exercise of his
7  First Amendment rights was a substantial or motivating factor behind the defendants'
8  conduct. Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977);
9  Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989).

10  In **Count Five**, Plaintiff claims he filed a grievance because Defendant Merrifield
11  refused to copy legal documents for Plaintiff and refused to contact the paralegal. Plaintiff
12  asserts that he was transferred to a different unit approximately nine days later, "for
13  absolutely no justifiable cause." Plaintiff asserts that the transfer was "an act of retaliation
14  by prison staff administrative person[n]el directed at [Plaintiff] for exercising his right to file
15  a grievance."

16  Plaintiff has failed to link his transfer to the conduct of any Defendant named in this
17  lawsuit. In addition, he does not allege that the transfer chilled his First Amendment rights
18  or that he suffered more than minimal harm. Moreover, Plaintiff makes only conclusory
19  allegations that his grievance was the motivating factor behind the transfer. Thus, Plaintiff
20  has failed to state a claim in Count Five, and the Court will dismiss it, without prejudice.

21  In **Count Six**, Plaintiff claims that Defendant Villa instructed Plaintiff to move to a
22  different pod, that Plaintiff moved, and that, thereafter, he requested Defendant Villa's full
23  name and badge number so that Plaintiff could initiate the grievance process regarding the
24  move. Plaintiff alleges that Defendant Villa refused to provide her badge number, told
25  Plaintiff not to put her name in his grievance, and instructed Plaintiff to contact a superior
26  officer if he was dissatisfied with her response. Plaintiff claims that he would be recording
27  her response to his inquiry for her name and badge number and that, thereafter, Defendant
28

1  Villa informed Plaintiff that he was "on report." Plaintiff alleges that this constitutes
2  retaliation "by threat of a disciplinary ticket."

3  Plaintiff also alleges that Defendant Villa falsely accused Plaintiff of threatening her,
4  "in an elaborate scheme to have [Plaintiff] removed off the yard and placed in detention."
5  Plaintiff asserts that the day after his move, Defendant Villa directed Plaintiff to pack up his
6  belongings, Defendant Villa and another corrections officer took Plaintiff's property to the
7  administration building, and Plaintiff was told that his property would be searched. Plaintiff
8  claims that he was questioned, he informed superior officers that he had never threatened
9  anyone, and he was returned to his housing unit.

10  Plaintiff asserts that later in the day, Defendant Villa "pushed" Plaintiff's property out
11  of the administrative office and gave it to another inmate to return to Plaintiff. Plaintiff
12  claims that Defendant Villa violated his rights, "conspiring with [Defendant] Johnson and
13  [another correctional officer] to do the same." Plaintiff claims that property was taken from
14  him without giving him a receipt or contraband disposition form, but that the items were
15  returned to him. Plaintiff also states that after the items were returned, several inmates told
16  Plaintiff that he would have to leave the yard. Plaintiff contends that Defendant Villa talked
17  with those inmates and "informed or suggested that these inmates force [Plaintiff] to leave
18  the yard."

19  Plaintiff has failed to allege that Defendant Villa's conduct chilled his First
20  Amendment rights or that he suffered more than minimal harm. Plaintiff's allegations
21  against Defendant Johnson are vague and conclusory. Moreover, Plaintiff has failed to state
22  a conspiracy claim. See Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir.
23  1989) (conclusory allegations of conspiracy did not support a § 1983 claim); Karim-Panahi
24  v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988) ("A mere allegation of
25  conspiracy without factual specificity is insufficient."). Thus, the Court will dismiss without
26  prejudice Count Six.
27  . . . .
28  . . . .

TERMPSREF

- 11 -

## IV. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Counts One, Three, Four, Five, and Six are **dismissed** without prejudice.

(2) Defendants Arizona Department of Corrections, Ryan, Frigo, Kendall, Curran, Hernandez, Kurtz, Penney, Coranado, Reeder, Baird, Lunberg, Meade, French, Mackenzie, Talley, Carrillo, McMullen, Merrifield, Johnson, Schmidt, Villa, Barnes, Rowe, and Montoya are **dismissed** without prejudice.

(3) Defendant Preston must answer Count Two.

(4) The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc. 10), this Order, and both summons and request for waiver forms for Defendant Preston.

(5) Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(6) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(7) The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

(8) The United States Marshal must notify Defendant Preston of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a) personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendant pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure; and

    (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of

1     the Summons, First Amended Complaint, or this Order and for preparing new process

2     receipt and return forms (USM-285), if required. Costs of service will be taxed against

3     the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil

4     Procedure, unless otherwise ordered by the Court.

5     (9) **If Defendant agrees to waive service of the Summons and First Amended**
6 **Complaint, she must return the signed waiver forms to the United States Marshal, not**
7 **the Plaintiff.**

8     (10) Defendant Preston must answer Count Two of the First Amended Complaint
9 or otherwise respond by appropriate motion within the time provided by the applicable
10 provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

11     (11) This matter is referred to Magistrate Judge Edward C. Voss pursuant to Rules
12 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized
13 under 28 U.S.C. § 636(b)(1).

14     DATED this 24th day of February, 2011.

James A. Teilborg
United States District Judge